Upon the trial at Franklin, on the last fall circuit, before his Honor, Judge Saunders, it appeared that several persons (358) belonging to the Methodist Society had subscribed sums of money for building a meeting house; that the building of the house was let out publicly to the lowest bidder by commissioners; that at the bidding a specification of the building required — of its dimensions, form, materials, and workmanship — was read aloud, and that the defendants, who were not shown to have any other concern with the transaction, thereupon declared and promised that "if the work was done according to the specifications, and accepted by the commissioners" (according to the language of some of the witnesses), or "When the work was done and accepted by the commissioners" (according to the language of other of the witnesses) they would pay the sum at which the building should be bid off. The plaintiff became the lowest bidder at that auction, and having, as he alleged, finished the building, tended it to the commissioners, who rejected it as not having been completed according to the specifications. The commissioners objected, first, that the building wanted two girders, which, by the specifications, were required to be erected throughout its entire length, and that instead thereof there were three girders *Page 286 
across its breadth; secondly, that the windows, instead of having all of them sixteen lights, as required in the specifications, had, those in front, eighteen lights, and those in the rear fifteen only; thirdly, that the weather boarding, instead of showing not more than six inches, showed in some places six and a half inches, and in others six and three-quarter inches; and fourthly, that the shingling of the roof had been done unfaithfully. The plaintiff offered evidence to show, with regard to the two first objections, that the changes in the specifications therein embraced, had been made with the approbation and consent of the defendants — and to show that the other two objections were frivolous and unfounded. It was insisted by the defendants that, admitting the facts to be established for which this evidence was offered the plaintiff's case was not thereby sustained, because the approbation of the work by the commissioners was a condition of the engagement of the defendants; and they submitted a motion for a nonsuit. By the assent of the (359) parties this motion was reserved and the case submitted to the jury, whose verdict was to be subject to the opinion of the court on the matter reserved. His Honor instructed the jury that if the plaintiff established to their satisfaction that he had completed the building in all respects agreeably to the specifications except so far as they had been changed by the direction or consent of the defendants, and that the other objections taken by the commissioners were frivolous, and unfounded, he was entitled to recover. The plaintiff had a verdict, subject to the opinion of the court on the matter reserved, and the court upon that verdict rendered a judgment for the plaintiff, from which the defendants appealed.
(360) I am instructed to declare the opinion of this court that the judgment rendered below is erroneous; that on the matter reserved the law is for the defendants, and that under the agreement of the parties the verdict is to be set aside and there is to be a judgment of nonsuit.
The court assents to the propriety of that part of his Honor's opinion which holds that the jury might consider the special contract made between the plaintiff and these defendants at the time of bidding, modified in the particulars and to the extent which had been subsequently agreed upon between them and the plaintiff. If, therefore, the commissioners had rejected the building because of these changes, and these only — and had approved of it as conforming to the specifications in all other respects the defendants would have been liable to the plaintiff upon *Page 287 
their agreement. But the court holds that inasmuch as the commissioners rejected the building because in their judgment it did not conform to the other specifications, then, however unfounded and frivolous these objections of the commissioners might be deemed by the jury, the defendants were not liable to the plaintiff upon the agreement given in evidence, and which, according to the practice that obtains with the profession where a formal declaration has not been previously drawn out at length, must be understood as the agreement contained in the declaration. This opinion is founded upon the principle that the defendants are bound so far and so far only as they consented to be bound. Now, all
the evidence of their agreement made the "acceptance" of these commissionersone of the conditions of their engagement. It is immaterial which set of words testified to by the witnesses was used — whether to payif the commissioners accepted or when the commissioners accepted, for unless these words do not mean what they obviously import, the addition of them manifests that the commissioners were to pass upon the question whether the work was completed according to the specifications. And the opinion is deemed by us erroneous, because in effect it strikes out of the agreement one of its essential terms, and holds the (361) defendants bound to pay without or before such acceptance, when they have consented to pay only if or when the acceptance shall take place.
There is nothing unreasonable, much less illegal, in such a condition. Whether a work of art has been done with proper materials and in a workmanlike style, is an inquiry on which honest differences of opinion may prevail, even among persons skilled in the art, and on which men of ordinary pursuits are very unfit to pass. It is, therefore, in agreements for works of this kind, a prudent and common stipulation for the prevention of controversies that the construction of the work shall be determined by some persons in whose judgment the parties have confidence. If, however, the judgment of the forum appointed by the parties is to be disregarded or revised by a court and jury — the stipulation is unmeaning.
There can be no question but that the view entertained by this court would prevail if the agreement between these parties had been in writing, and contained a stipulation in the words used by any of the witnesses who testified as to the agreement. Morgan v. Birnie, 9 Bing. Rep., 672 (23 Eng. Com. Law Rep., 414); Devile v. Arnold, 10 Price 21 (4 Exch. Rep., 266). It is supposed, however, that inasmuch as the contract was by parol, theconstruction of the contract was a matter wholly for the consideration of the jury. If by construction be meant the ascertainment of the agreement of the parties, the proposition is admitted, but if thereby be meant the ascertainment of the effect of the agreement, then, *Page 288 
we apprehend, the proposition is erroneous. The effect of a contract is a question of law. Where a contract is wholly in writing, and the intention of the farmers is by law to be collected from the document itself, there the entire construction of the contract — that is, the ascertainment of the intention of the parties as well as the effect of that intention, is a pure question of law; and the whole office of the jury is to pass on the existence of the alleged written agreement. Where the contract is by parol the terms of the agreement are of course a matter of fact; and if those terms be obscure or equivocal, or are susceptible of explanation (362) from extrinsic evidence, it is for the jury to find also the meaning of the terms employed; but the effect of a parol agreement, when its terms are given and their meaning fixed, is as much a question of law as the construction of a written instrument.
The propriety of the nonsuit depends on the effect of the terms of the agreement as offered in evidence. There is nothing in the terms employed ambiguous or equivocal; and if there were there is no suggestion that the ordinary meaning was not the meaning of the parties. The Judge therefore had a right to declare the legal effect of an agreement in those terms, and the verdict being, by the assent of the parties, taken subject to his judgment thereon, the matter thus referred to him was a pure question of law.
The plaintiff, under the circumstances of the case, was not, in our opinion, entitled to recover upon the common count for work and labor done. The liability of the defendants was founded solely upon their special agreement. The change by mutual assent in respect to some of the specifications of the work to be done under that agreement left the agreement in full force as to all its other parts.
Whether the plaintiff might not obtain compensation in some forum in case the acceptance by the commissioners was rendered impossible by accident — or may not be entitled to redress in some form, if that acceptance has been withheld maliciously, or by fraudulent combination, we are not called upon to determine. It is enough for us now to say that upon the agreement alleged the defendants are not liable, because by that agreement their liability was made to depend on the judgment of the commissioners that the work had been done according to the specifications.
PER CURIAM. Judgment reversed.
Cited: Rhodes v. Chesson, 44 N.C. 338; S. v. Moore, 46 N.C. 280;Adams, v. Reeves, 68 N.C. 140; Pendleton v. Jones, 82 N.C. 251; S. v.Poteet, 86 N.C. 614; Buffkin v. Baird, 73 N.C. 289; S. v. Alphin,84 N.C. 748; Spraigins v. White, 108 N.C. 451. *Page 289 
(363)