CLEO STRIGAS, GEORGE STRIGAS AND NICK STRIGAS v. DURHAM LIFE INSURANCE COMPANY.

(Filed 6 January, 1953.)

**1. Contracts § 8—**

Where an instrument is wholly in writing and its terms are explicit, the court determines their effect simply by declaring their legal meaning.

**2. Insurance § 36a (2)—**

After lapse of the policy for nonpayment of premiums, insured's request to insurer to "hold" the insurance until insured returned from Europe and promise that insured would then settle with insurer, is not a request that

insurer convert the policy into extended term insurance in accordance with an option set out in the policy, and upon the death of insured within that period, insurer is liable only for the amount of paid up insurance in accordance with the automatic option contained in the policy.

**3. Insurance § 37—**

Ordinarily, admissions by insurer of the execution of the policy and the death of the insured places the burden on insurer of proving that the policy was not in force at the time of the death of the insured, but where plaintiffs allege that premium on the policy was not paid on due date or within the grace period thereafter, and claim under the extended term insurance option, plaintiffs have the burden of showing compliance with the essential provisions of the policy necessary to convert it into extended term insurance, and upon failure of such proof by them the court may direct a verdict for insurer.

**4. Trial § 30—**

The court may direct a verdict against the party who has the burden of proof if the evidence offered and taken as true fails to make out a case.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Pless, J.,* March Term, 1952, of GUILFORD (Greensboro Division).

This is an action instituted by the plaintiffs to recover on a life insurance contract.

The defendant, in July, 1946, issued its whole life nonparticipating policy of life insurance No. 368106 in the face amount of $2,500, on the life of John Strigas as insured. All the quarterly premiums due on the policy in accordance with the terms thereof, were paid in full down to and including the payment due 13 April, 1949, such payments being for a full period of three years. The premium due on 13 July, 1949, was not paid when due or within the stipulated grace period. Accordingly, the policy of insurance lapsed on 13 August, 1949, subject to its nonforfeiture provisions.

The nonforfeiture provisions contained in the policy are to the effect that if the policy shall lapse for nonpayment of premium, after premiums have been paid for three full years, and if there is no indebtedness to the company on account of the policy, the company will grant one of the following options:

1. CASH SURRENDER VALUE. Pay the cash value of the policy on written request of the insured and surrender of the policy within three months from date of lapse; or

2. AUTOMATIC PAID-UP INSURANCE. Without any action on the part of the insured, the company will continue the policy as a Nonparticipating Paid-up Life Policy for the amount as provided therein; or

3. Extended Insurance. The company, upon written request of the insured within three months from the date of lapse, will continue the face amount of the policy as Nonparticipating Term Insurance from the date to which premiums have been paid for the term set out in the policy.

The evidence of the plaintiff was sufficient to establish the following facts: (1) That the insured went to Greece in June, 1949, and planned to return in November of that year but did not do so until the latter part of February or early in March, 1950, and that he died on 28 March, 1950; (2) that the insured, while absent from this country, wrote his son, George J. Strigas, and requested him to write to the Durham Life Insurance Company and tell them "to hold his policy and he would settle for it when he returned"; and (3) that thereafter in response to a letter from the defendant addressed to the insured dated 20 October, 1949, suggesting the desirability of making application for reinstatement of the policy, the son of the insured returned the letter to the defendant with the following notation written thereon:

"Dear Mr. Cozart:

"My father has gone to Europe since June, & I am expecting him to return in November, please hold his Insurance until he returns. He will settle with you then.

(s)    George J. Strigas."

Issues were submitted to the jury as follows:

"1. Was the policy of insurance which is described in the pleadings in force and effect as extended insurance at the time of the death of the insured?

"2. What amount are the plaintiffs entitled to recover of the defendant?"

The court instructed the jury that in its opinion the notation written · on the bottom of the letter of 20 October did not comply with the requirements of option 3, and instructed the jury, as a matter of law, if they believed all the evidence to answer the first issue "No." The issue was so answered. It was agreed that in view of the court's instructions on the first issue, that the second issue should be answered, "$163.00 with interest from April 28, 1950," this being the amount due the plaintiffs under option 2 in the policy.

From the judgment on the verdict, the plaintiffs appeal and assign error.

*Hines & Boren and Jordan & Wright for plaintiffs, appellants.*

*I. O. Brady and Hudgins & Adams for defendant, appellee.*

DENNY, J.   Where an instrument is wholly in writing and the intention of the writer must be ascertained from the document itself, the intention of the writer as well as the effect of that intention is a question of law.   *Young v. Jeffreys,* 20 N.C. 357; *Spragins v. White,* 108 N.C. 449, 13 S.E. 171; *Mining Co. v. Smelting Co.,* 122 N.C. 542, 29 S.E. 940; *Wilson v. Cotton Mills,* 140 N.C. 52, 52 S.E. 250; *Patton v. Lumber Co.,* 179 N.C. 103, 101 S.E. 613.   And if the terms of a writing or contract are explicit, the court determines their effect simply by declaring their legal meaning.   *Wilson v. Cotton Mills, supra.*

Conceding that the son of the insured, George J. Strigas, was acting as the agent of his father when he wrote the notation on the letter of 20 October and forwarded it to the defendant, which notation the defendant admits in its answer it received and took no action pursuant thereto, it was insufficient, in our opinion, to constitute a request for extended term insurance under the provisions of the policy.   The writing contained nothing more than a request for additional time in which to pay the premium or premiums that would fall due while the insured was on his trip to Greece.   There is no provision in the policy for any such extension of time and the company was under no obligation to grant such a request. A request to hold is not the equivalent of a request to convert or to change. The word "hold" means in its usually accepted sense, "to maintain or sustain; . . . to possess; . . . to keep; to retain."   Black's Law Dictionary, Third Edition.   We do not think the language used by the insured to his son, or by his son to the defendant, is susceptible of being construed to be a request for a conversion of the policy from one type of insurance to another.   Furthermore, if the insured had intended to convert his policy into extended term insurance under the provisions of option 3 in the policy, there would have been no necessity for the statement that he would settle when he returned.   There would have been no debt or obligation to settle.   A conversion of the policy, pursuant to the provisions of option 3, would have constituted a complete settlement of all obligations of the insured with respect to the premium then due as well as to future premiums; the policy would have been paid up for its face amount as extended insurance for a definite term as set forth in the policy.

In an action to recover on a life insurance policy where the insurer admits the execution of the policy and the death of the insured, the burden of proving that the policy was not in force at the time of the death of the insured is ordinarily on the insurer.   *Page v. Insurance Co.,* 131 N.C. 115, 42 S.E. 543.   However, in the instant case the plaintiffs allege that the quarterly premium due on the policy held by the insured was not paid on 13 July, 1949, the date it was due, or within the stipulated grace period.   Consequently, the plaintiffs having alleged that the policy lapsed prior to the death of the insured, the burden was on them in the

trial below to show compliance with the essential provisions of the policy in order to convert the face amount thereof into extended term insurance.

We think the ruling of the court below relative to the insufficiency of the plaintiffs' evidence to establish compliance with the provisions of option 3 of the policy for extended term insurance, was correct and must be upheld. "The court may always direct a verdict against the party who has the burden of proof, . . . if the evidence offered and taken to be true fails to make out a case." McIntosh, North Carolina Practice and Procedure, section 574, page 632, *et seq.; Spruill v. Insurance Co.,* 120 N.C. 141, 27 S.E. 39; *S. v. Prince,* 182 N.C. 788, 108 S.E. 330.

In the trial below, we find

No error.

PARKER, J., took no part in the consideration or decision of this case.