JAMES D. SLOOP, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JAMES DAVID SLOOP, SR., AND CAROL ANN WHITLOCK v. EDNA LUCILLE SLOOP

No. 7426SC637

(Filed 18 December 1974)

**Husband and Wife § 11; Descent and Distribution § 13; Wills § 61— separation agreement — waiver of right to dissent from will**

> Although the parties to a separation agreement did not by express language release their rights to administer or to share in the estate of the survivor, such intention was implicit in the express provisions of the separation agreement, the situation of the parties and their purpose in executing the agreement, and the surviving wife thus waived her right to dissent from the husband's will.

APPEAL by defendant from *Ervin, Judge,* 3 June 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals on 12 November 1974.

This is an action instituted by James D. Sloop, Jr., executor, and James D. Sloop, Jr., and Carol Ann Whitlock, sole devisees under the will of James D. Sloop, Sr., plaintiffs, against Edna Lucille Sloop, testator's undivorced widow, defendant, seeking a declaration of the rights of the parties under the will to which the defendant dissented.

The parties waived trial by jury. Judge Ervin made findings of fact which are summarized as follows: James and Edna Sloop were married on 9 September 1972, and on 13 March 1973 they entered into a valid deed of separation. On 3 July 1973 James D. Sloop, Sr., died leaving a will which has been duly probated in the Office of the Clerk of Superior Court of Mecklenburg County wherein the plaintiffs, children by a prior

marriage, were named the sole beneficiaries. At the time of his death, James and Edna Sloop were living separate and apart in accordance with the separation agreement. On 2 August 1973 the defendant filed a dissent to the will.

Judge Ervin made the following conclusions of law:

"1. Edna Lucille Sloop released her right of intestate succession as provided by North Carolina General Statutes 29-13 and 29-14 by executing the separation agreement attached to the plaintiff's Complaint.

2. By releasing her right of intestate succession as provided by North Carolina General Statutes, Sections 29-13 and 29-14, Edna Lucille Sloop waived and released her right to dissent from the will of James David Sloop, Sr., as provided by North Carolina General Statutes 30-1.

3. The purported dissent from the will of James David Sloop, Sr., previously filed by Edna Lucille Sloop in the office of the Clerk of Superior Court of Mecklenburg County on August 2, 1973, is a nullity and of no force and effect.

4. By not being named as a devisee or beneficiary in the will of James David Sloop, Sr., Edna Lucille Sloop is not entitled to share in any of the assets or proceeds of the Estate of James David Sloop, Sr."

From a judgment "that James David Sloop, Jr., Executor of the Estate of James David Sloop, Sr., distribute the net assets of the Estate of James David Sloop, Sr., to James David Sloop, Jr., and Carol Ann Whitlock, the sold [sic] devisees and beneficiaries under the will of James David Sloop, Sr.", defendant appealed.

*Welling & Miller by George J. Miller for plaintiff appellees.*

*Joseph B. Roberts III and Geoffrey A. Planer for defendant appellant.*

HEDRICK, Judge.

Since the defendant's right to dissent from her husband's will depends on whether she is entitled to take a widow's share of his estate under G.S. 29-13 and G.S. 29-14, *Tilley v. Tilley*, 268 N.C. 630, 633, 151 S.E. 2d 592, 593 (1966), the sole ques-

tion for resolution on this appeal is whether Judge Ervin erred in concluding that the defendant by the terms of the deed of separation contracted away her right to share as a surviving spouse in her husband's estate and that her dissent to his will was a nullity. Paragraphs of the deed of separation pertinent to this inquiry are as follows:

> "THIRD: The party of the first part [defendant] does hereby fully release and forever discharges the party of the second part [James D. Sloop, Sr.] of any and all liabilities of whatsoever the kind and nature arising out of the marriage between the parties, and the party of the first part releases the party of the second part and waives any and all right to alimony and support for herself; the party of the second part does hereby make the party of the first part a free trader within the meaning of the laws of the State of North Carolina, and does hereby give and grant unto the party of the first part the absolute right and privilege to mortgage, sell and convey any and all classes and kinds of property, real, personal, or mixed, and wheresoever situated, free and clear from the joinder of the party of the second part, and that the party of the second part hereby quitclaims all right, title and interest which he may now have or hereafter acquire in and to the personal property of the party of the first part.

> FOURTH: And likewise, the party of the first part does hereby quitclaim unto the party of the second part all right, title and interest which she may now have or hereafter acquire in and to the personal property of the party of the second part, by reason of the marriage relation which formerly existed between the parties, and does hereby give and grant unto this party of the second part the absolute right and privilege to mortgage, sell, and convey any and all classes and kinds of property, real, personal or mixed, and wheresoever situated, free from the joinder of the party of the first part."

While we recognize that the parties did not, as contended by the defendant, by *express* language release his or her right to administer on the estate of the other or to share as a surviving spouse in the estate of the other, we are of the opinion that such intention is implicit in the express provisions of the deed of separation, their situation, and their purpose at the time

the contract was executed. *Lane v. Scarborough,* 284 N.C. 407, 200 S.E. 2d 622 (1973). It seems inconceivable that either surviving party to this deed of separation could claim upon the death of the other that which manifestly he or she could not claim while both parties were living. Therefore, we hold that by the terms of the deed of separation the defendant released her right to take a widow's share of her husband's estate and thereby waived her right to dissent from his will.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.