EMILY TAMMERA KRICKHAN v. WILLIAM F. KRICKHAN III

No. 7628DC1048

(Filed 2 November 1977)

**Divorce and Alimony § 16.10— home mortgage payment as alimony and child support—sale of home—continuation of alimony obligation**

> Where a separation agreement required defendant to make a monthly home mortgage payment of $221.55, of which $100.00 was allotted as alimony and $121.55 was allotted as child support, the primary purpose of the payment was not to satisfy the mortgage but was to provide alimony and child support, and defendant's obligation to make the $100.00 monthly alimony payments survived the sale of the home and retirement of the mortgage.

APPEAL by defendant from *Israel, Judge.* Judgment entered 8 October 1976 in District Court, BUNCOMBE County. Heard in the Court of Appeals 22 September 1977.

Plaintiff-wife instituted this action seeking a declaratory judgment establishing defendant-husband's duty to make certain alimony payments pursuant to a separation agreement. She also requested an award of back alimony.

Plaintiff and defendant were married on 19 November 1966 and lived together until their separation in 1974. They executed a separation agreement dated 26 November 1974, and their marriage was dissolved on 5 February 1976 by a decree of absolute divorce. The portions of the separation agreement relevant to this appeal are as follows:

> 3. REAL PROPERTY: It is understood and agreed that the parties hereto own as tenants by the entirety a house and lot located at 12 Gladstone Road in the City of Asheville, North Carolina. The wife shall have the right to reside in the house with the minor children until she remarries or until the

youngest surviving child attains the age of 18, whichever event occurs first. . . .

\*     \*     \*

7. SUPPORT AND MAINTENANCE OF WIFE: In lieu of alimony payments directly to the wife, the husband shall pay directly to Asheville Federal Savings & Loan Association the monthly payments on the mortgage of $221.55 and of this amount $100 per month shall be considered as alimony paid to the wife.

The wife acknowledges that the provisions herein contained with regard to her alimony payments are reasonable and adequate, and in view of the circumstances of the parties and in view of her own property holdings, and she expressly waives all claims against the husband for alimony, support and maintenance for herself except as expressly provided in this agreement.

\*     \*     \*

9. SUPPORT OF MINOR CHILDREN: The husband hereby agrees to pay to the wife the sum of $250.00 per month as support for the minor children, in addition to the house payment hereinbefore called for of which amount $121.55 is hereby allocated and designated as child support making the total child support payable by the husband to the wife $371.55 per month. These payments shall be made in bi-monthly payments of $125.00 each to the wife, with the first payment to be due and payable on the 1st day of November, 1974, and the next payment to be due and payable on the 15th day of November, 1974, and a like payment of $125.00 on the 1st and 15th days of each calendar month thereafter, and the remaining $121.55 to be paid directly to Asheville Federal Savings and Loan Association.

The mortgage payments applied to the mortgage on the house referred to in paragraph three, which plaintiff and defendant owned at the time of separation as tenants by the entirety.

Defendant initially made the full payments as provided in the separation agreement. However, plaintiff and defendant sold their house in March 1976, one month after the divorce decree. The mortgage was paid from the proceeds of the sale, and the surplus

which remained after the mortgage was paid was divided equally between the plaintiff and defendant. After the sale, defendant continued to make the monthly child support payments of $250.00 as required by paragraph nine of the separation agreement. He also began making monthly payments directly to his wife in the sum of $121.55, which was the portion of the mortgage payment allotted as child support in paragraph seven. However, he did not pay the monthly sum of $100.00 which was the portion of the mortgage payment allotted as alimony to the plaintiff in paragraph seven.

Plaintiff brought this declaratory judgment action requesting the court to construe the separation agreement. The trial court concluded that the sum of $100.00 was intended as alimony and that defendant's duty to pay that sum survived the sale of the house and payment of the mortgage. The judgment required defendant to make the monthly alimony payments of $100.00 until plaintiff's death or remarriage, whichever occurs first. Defendant appealed.

*Morris, Golding, Blue & Phillips by James N. Golding for plaintiff appellee.*

*Floyd D. Brock by Jerry W. Miller for defendant appellant.*

PARKER, Judge.

Paragraph seven of the separation agreement in this case obligated defendant to make monthly payments of $221.55, of which $100.00 was allotted as alimony and $121.55 was allotted as child support. Rather than making payments directly to the wife, the agreement provided that the monthly payments should be applied directly to the mortgage on the house. Obviously, if a person becomes obligated to pay a certain sum periodically, that obligation must end sometime. However, the separation agreement failed to specify a time for termination of this obligation. Questions relating to the construction and effect of a separation agreement are ordinarily determined by the same rules which govern the interpretation of contracts generally. "A contract . . . encompasses not only its express provisions but also all such implied provisions as are necessary to effect the intention of the parties unless express terms prevent such inclusion." *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E. 2d 622, 624 (1973). A termina-

tion date for defendant's obligation must therefore be implied by the court, and defendant contends that the trial judge misconstrued the separation agreement when he concluded that the obligation did not terminate until plaintiff's death or remarriage. He contends that the $100.00 payments were described as alimony only for tax purposes and that their primary purpose was actually to satisfy the mortgage.

The focus of the court's inquiry in construing a contract or separation agreement is " 'the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.' " *Lane v. Scarborough, supra,* 284 N.C. at 410, 200 S.E. 2d at 624, *quoting Electric Co. v. Insurance Co.,* 229 N.C. 518, 520, 50 S.E. 2d 295, 297 (1948). See also *Bowles. v. Bowles,* 237 N.C. 462, 75 S.E. 2d 413 (1953). Following these criteria, we conclude that the trial court correctly construed the separation agreement. The parties specified that the $100.00 sum was to be considered alimony, and it is reasonable to conclude that they meant just that, absent a clear indication that the primary purpose of the payments was to retire the mortgage on the house. The fact that the amount of alimony and child support was set with reference to housing costs at the time of the separation does not alter this result.

This conclusion is buttressed by defendant's actions following the sale of the house. He began paying directly to plaintiff the portion of the payment ($121.55) which was designated as child support. This course of action indicates that the defendant himself interpreted the agreement to mean that the sale of the house did not terminate his obligation to continue making the payments which were originally applied on the mortgage. "In contract law, where the language presents a question of doubtful meaning and the parties to a contract have, practically or otherwise, interpreted the contract, the courts will ordinarily adopt the construction the parties have given the contract *ante litem motam.*" *Davison v. Duke University,* 282 N.C. 676, 713-14, 194 S.E. 2d 761, 784 (1973). See also *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113 (1962). Defendant argues that he continued making child support payments only because his duty to support his children could not be terminated by a contractual agreement. However, this argument amounts to an admission that the monthly sum of

$121.55 denominated as child support was actually intended to serve that very purpose, and it logically follows that the remaining portion of the payments, a monthly sum of $100.00 denominated as alimony, was also intended to serve its stated purpose.

Furthermore, the separation agreement was drafted by defendant's attorney, and an ambiguity in a written contract should be construed against the party who prepared the instrument. *Yates v. Brown*, 275 N.C. 634, 170 S.E. 2d 477 (1969); *Windfield Corp. v. McCallum Inspection Co.*, 18 N.C. App. 168, 196 S.E. 2d 607 (1973). The court correctly construed the instrument to require defendant to pay the amount of the mortgage payments directly to plaintiff after the sale of the house, and the judgment is therefore affirmed.

Affirmed.

Judges MARTIN and ARNOLD concur.