THE VUE-CHARLOTTE, LLC, AND THE VUE NORTH CAROLINA, LLC, PLAINTIFFS V. MARY G. SHERMAN AND RICHARD G. SHERMAN, II, DEFENDANTS; GHOLAM JAFARI AND NOSRAT GHASEMI, PLAINTIFFS V. THE VUE-CHARLOTTE, LLC AND THE VUE NORTH CAROLINA, LLC, DEFENDANTS

No. COA11-594; 11-595

(Filed 6 December 2011)

**Damages and Remedies—specific performance—liquidated damages—breach of contract—default section of agreement**

The trial court did not err in a breach of an agreement to purchase condominiums case by concluding that, as a matter of law, plaintiff companies were precluded from enforcing the parties' purchase agreements by specific performance. Viewing the agreements as a whole, the most reasonable interpretation was that plaintiffs were limited to the remedy of liquidated damages as stated in the default section.

Appeals by Plaintiffs in 10 CVS 24133 and Defendants in 10 CVS 17943 from orders in each action entered 19 April 2011 by Judge F. Lane Williamson in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 October 2011.

*Higgins Law Firm, PLLC, by Sara W. Higgins, for Plaintiffs in 10 CVS 24133 and Defendants in 10 CVS 17943.*

**THE VUE-CHARLOTTE, LLC v. SHERMAN**

[217 N.C. App. 384 (2011)]

*McIntosh Law Firm, by James C. Fuller and Prosser D. Carnegie, for Defendants in 10 CVS 24133.*

*Richardson Law Group, by Celie B. Richardson, for Plaintiffs in 10 CVS 17943.*

STEPHENS, Judge.

The appeals by The VUE-Charlotte, LLC and The VUE North Carolina, LLC (collectively, "The VUE"), who are Plaintiff-appellants in 11-594 and Defendant-appellants in 11-595, raise identical issues of law.[1] Therefore, we have consolidated the appeals for decision pursuant to Rule 40 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 40.

The appeals arise from The VUE's claims before the trial court that Mary G. Sherman and Richard G. Sherman, Defendant-appellees in 11-594, and Gholam Jafari and Nosrat Ghasemi, Plaintiff-appellees in 11-595 (collectively, "Purchasers"), breached their agreements to purchase condominiums from The VUE and that The VUE is entitled to specific performance of the agreements. The purchase agreements at issue are identical in all respects relevant to the issues on appeal.

Although the procedural postures of the two appeals differ,[2] the dispositive issue on appeal in each case is the same: whether the trial court erred in interpreting the agreements to limit The VUE's remedy for Purchasers' breach to liquidated damages and to preclude The VUE from enforcing the agreements by specific performance.

"Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment

---

1. We note that each order from which The VUE appeals is an interlocutory order that does not dispose of all claims before the trial court. However, in each order, the trial court concluded that the order constitutes a final judgment on The VUE's claim for specific performance and that there is no just reason to delay appeal. As such, the trial court certified each order for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). Because we agree that each order is a final judgment on "one or more but fewer than all of the claims" in each case, and because the trial court appropriately certified each order for appeal, this Court has jurisdiction to hear the appeals.

2. In 10 CVS 24133, the parties brought this issue before the trial court by filing cross-motions for judgment on the pleadings. In 10 CVS 17943, the issue was brought before the trial court by Plaintiff-purchasers' partial motion for summary judgment. Our review in each case is *de novo*. *See Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (trial court's ruling on motion for judgment on pleadings reviewed *de novo*), *disc. review denied*, 360 N.C. 78, 623 S.E.2d 263 (2005); *see also Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (trial court's ruling on motion for summary judgment reviewed *de novo*).

of its execution." *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E.2d 622, 624 (1973). The intention of the parties is to be ascertained from "the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Id.* at 410, 200 S.E.2d at 624 (quoting *Electric Co. v. Ins. Co.*, 229 N.C. 518, 520, 50 S.E.2d 295, 297 (1948)). Where, as here, a contract is "in writing and free from any ambiguity which would require resort to extrinsic evidence, or the consideration of disputed fact," the intention of the parties is a question of law, *id.*, and a ruling on that issue by the trial court is reviewed *de novo. Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000) (a matter of contract interpretation raising a question of law is reviewed *de novo*).

Per section 13 of the parties' agreements entitled "Default":

> If [Purchasers] [are] in Default twenty (20) days after receipt from [The VUE] of written notice thereof, *[The VUE] may declare this Agreement terminated and, may retain all Deposits, as liquidated and agreed upon damages which [The VUE] shall be deemed to have sustained and suffered as a result of such Default* . . . . The provisions herein contained for liquidated and agreed upon damages are bona fide provisions for such and are not a penalty, the parties understanding and agreeing that [The VUE] will have sustained damages if a Default occurs, which damages will be substantial but will not be capable of determination with mathematical precision and, therefore, the provision for liquidated and agreed upon damages has been incorporated in this Agreement, as a provision beneficial to both parties.

(Emphasis added).

Purchasers contend that this provision allowing The VUE to retain Purchasers' deposits as liquidated damages precludes The VUE from seeking specific performance of the purchase agreements. Purchasers further support this contention with the following excerpt from the same section of the agreements that outlines Purchasers' remedies for The VUE's default:

> If [The VUE] is [] in default ten (10) days after [Purchasers] send[] [The VUE] notice thereof (or such longer time as may reasonably be necessary to cure the default if same cannot be reasonably cured within ten (10) days), *[Purchasers] will have such rights as may be available in equity and/or under applicable law.*

(Emphasis added). Purchasers argue, and the trial court found, that because the agreements provide only that The VUE may recover liquidated damages in the event of Purchasers' default, but provide that Purchasers are entitled to any available equitable remedies in the event of The VUE's default, there are no remedies available to The VUE other than the liquidated damages. We agree.

Acknowledging that specific performance of a contract for sale of land is generally available to a seller, *see Deans v. Layton*, 89 N.C. App. 358, 371, 366 S.E.2d 560, 568, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 276 (1988), and that the liquidated damages provision does not, by its mere existence, preclude specific performance, *see Crawford v. Allen*, 189 N.C. 434, 440, 127 S.E. 521, 525 (1925) ("Even if the provision in the contract, relative to liquidated damages is enforceable, it does not affect the equity of [the defendant] to specific performance."), we conclude that, in this case, The VUE may not specifically enforce the agreements. The purchase agreements clearly state that in the event of Purchasers' default, The VUE is entitled to liquidated damages. In distinction, the "Default" section specifically preserves for Purchasers all equitable and legal remedies in the event of The VUE's default. Viewing the agreements as a whole, we conclude that the most reasonable interpretation is that The VUE is limited to the remedy stated in the "Default" section. Accordingly, we hold that the trial court did not err in concluding that the only remedy available to The VUE is liquidated damages.

Nevertheless, The VUE contends that the trial court's interpretation of the agreements impermissibly inserts language into the agreements and "turns 'may' into 'shall' and *requires* The VUE to exercise a *permissive* remedy." (Emphasis in original). This is incorrect. Rather than interpreting the agreements to provide that, upon default, The VUE *shall terminate* the agreements and *shall retain* the deposits, the trial court interpreted the agreements to provide that The VUE *shall have the right* to terminate the agreements and *shall have the right* to retain the deposits upon default. That provision, along with the other provision in the "Default" section of the agreements providing that, upon default, Purchasers *shall have such rights* as may be available in equity or under applicable law, constitute the entirety of the agreements' statement of the parties' rights in the event of default. Accordingly, rather than impermissibly inserting language omitted by the parties, as The VUE suggests, the trial court's interpretation of the agreements precludes insertion of additional rights—*i.e.*, the right of specific performance—not provided in the agreements.

We hold that the trial court did not err by concluding that, as a matter of law, The VUE is precluded from enforcing the parties' purchase agreements by specific performance.

AFFIRMED.

Judges BRYANT and ELMORE concur.