**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 12-1932**

―――――――

METROPOLITAN GROUP, INC.,

              Plaintiff - Appellant,

        v.

MERIDIAN INDUSTRIES, INC.,

              Defendant - Appellee.

―――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:09-cv-00440-MOC-DSC)

―――――――

Submitted:  January 14, 2013          Decided:  January 18, 2013

―――――――

Before KEENAN, WYNN, and THACKER, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Kenneth R. Raynor, TEMPLETON & RAYNOR, Charlotte, North
Carolina, for Appellant.  Kenneth D. Bell, Matthew J. Hoefling,
Elizabeth Timmermans, McGUIRE WOODS, LLP, Charlotte, North
Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Meridian Industries, Inc. ("Meridian") sold its shuttered Belmont, North Carolina yarn-dyeing facility (the "Property") to Metropolitan Group, Inc. ("Metropolitan"), problems arose. Eventually, Metropolitan sued Meridian for, among other claims, breaching the relevant Purchase Agreement because Meridian purportedly had "actual knowledge" that certain hazardous materials remained on the Property when it was conveyed. Meridian filed a counterclaim for breach of contract, contending that Metropolitan destroyed certain groundwater monitoring wells and thereby failed to keep its obligation under the Purchase Agreement to reasonably facilitate Meridian's access to the groundwater on the Property. The district court entered summary judgment in favor of Meridian on both claims,[*] and Metropolitan appealed. We have reviewed the record, and we affirm.

Metropolitan raises two main arguments on appeal. First, it contends that the district court erred in entering summary judgment against its contract claim because a jury could conclude that Meridian had actual knowledge that hazardous

---

[*] Summary judgment was entered in favor of Metropolitan on its contract claim to the extent that it alleged an asbestos-related breach and damages. That portion of the district court's judgment has not been appealed.

materials remained on the Property at the time of the Purchase Agreement.

We review a grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the nonmoving party. Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012); United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir. 2010). To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(c)(1); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Neither conclusory allegations, unwarranted inferences, nor the production of a "mere scintilla of evidence" in support of a nonmovant's case suffices to forestall summary judgment. Thompson, 312 F.3d at 649 (internal quotation marks omitted); see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, this Court will uphold the district court's grant of summary judgment unless it finds that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

When resolving a dispute over the proper construction of a contract governed by North Carolina law, a court's "primary purpose" is to "ascertain and give effect to the intention of

3

the parties." Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C., 658 S.E.2d 918, 921 (N.C. 2008); see Woods v. Nationwide Mut. Ins. Co., 246 S.E.2d 773, 777 (N.C. 1978). When the contractual terms are unambiguous, the parties' intent as to their meaning is self-evident. Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C., 692 S.E.2d 605, 612 (N.C. 2010). And when the contract defines a term, the court must ascribe that meaning to the term in order to effect the intent of the parties. Id.; Woods, 246 S.E.2d at 777. By contrast, when the contractual language is "fairly and reasonably susceptible to either of the constructions for which the parties contend," Harleysville, 692 S.E.2d at 612 (internal quotation marks omitted), it is ambiguous and the "interpretation of the contract is for the jury." Schenkel & Shultz, 658 S.E.2d at 921.

Here, Metropolitan argues that Meridian breached the Purchase Agreement because its employees had "actual knowledge" that hazardous materials remained on the Property at the time the agreement was signed. But Metropolitan's arguments are not supported by the plain language of the Purchase Agreement, which defines "actual knowledge" as "the current, actual conscious knowledge" of employees of Meridian. None of the pertinent deposition testimony indicates that any Meridian employee had actual knowledge that any hazardous materials were on site at

4

the time the Purchase Agreement was signed. Even assuming without deciding that the record demonstrates a degree of negligence, Metropolitan's claims must fail. The Purchase Agreement did not warrant against Meridian's negligence; the Agreement warranted only against Meridian's actual knowledge. Because Metropolitan can point to nothing in the record demonstrating anything more than — at worst — negligence or ignorance on the part of Meridian's employees rather than actual knowledge, the district court properly entered summary judgment on this claim.

Second, Metropolitan contends that the district court erroneously entered summary judgment in favor of Meridian's contract counterclaim because, in Metropolitan's view, a jury could conclude that the Purchase Agreement did not obligate Metropolitan to provide Meridian with access to anything other than the Property at large, not to the specific groundwater monitoring wells that were destroyed. Our review of the Purchase Agreement convinces us that Metropolitan's focus on the pertinent phrase, removed from its surrounding context, flouts the principle that contracts must be construed "as a whole," considering each provision "in relation to all other provisions." Schenkel & Shultz, 658 S.E.2d at 921 (internal quotation marks omitted); see also State v. Philip Morris USA Inc., 685 S.E.2d 85, 90 (N.C. 2009); Woods, 246 S.E.2d at 777;

5

Lane v. Scarborough, 200 S.E.2d 622, 625 (N.C. 1973). Moreover, "contracts are to be construed consistently with reason and common sense." Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 748 (N.C. 2012) (internal quotation marks omitted).

In our view, the district court properly concluded that the Purchase Agreement committed Metropolitan to reasonably facilitate Meridian's access to the groundwater on the Property, which Meridian was required by North Carolina authorities to monitor periodically. Further, the district court did not err in concluding that Metropolitan's repeated destruction of the groundwater monitoring wells was patently unreasonable, given the absence of any record evidence explaining or justifying Metropolitan's conduct. See Burton v. Williams, 689 S.E.2d 174, 177 (N.C. Ct. App. 2010); Harris v. Stewart, 666 S.E.2d 804, 808 (N.C. Ct. App. 2008).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this Court and argument will not aid the decisional process.

AFFIRMED