ERIC ANTHONY HODGE v. GLENN I. HODGE AND IDA M. HODGE

No. 7110SC521

(Filed 20 October 1971)

Husband and Wife § 15— entirety property — attachment of rental income to pay debt of the husband

   Rental income from entirety property may be placed in receivership and applied against the debts of the husband alone. G.S. 1-352 through G.S. 1-368.

APPEAL by defendant, Glenn I. Hodge, from *Clark, Judge,* 13 April 1971 Session of WAKE County Superior Court.

In November 1965 the plaintiff brought a civil action against the defendants, Glenn I. Hodge and Ida M. Hodge, in the Wake County Superior Court. The case was tried and resulted in a judgment in favor of the plaintiff against the defendant, Glenn I. Hodge, in the amount of $3,184.00. The defendant, Ida M. Hodge, was found not indebted to the plaintiff. Execution on the judgment was issued and returned unsatisfied.

Supplemental proceedings under G.S. 1-352 were conducted on January 11, 1969, and September 29, 1969, requiring defendants to appear and be examined as to assets of the judgment debtor, Glenn I. Hodge. On February 11, 1970, plaintiff filed a motion for appointment of a receiver. The motion was heard by Judge Preston at the March 31, 1970 Session of Wake County District Court and a receiver was appointed to receive the rental income of property held by defendants as tenants by the entirety and apply said income toward satisfaction on the judgment against defendant Glenn I. Hodge.

This Court, by opinion filed 21 October 1970, 9 N. C. App. 601, 176 S.E. 2d 795 (1970), vacated the order of receivership and remanded the case to the Superior Court of Wake County for that the case had not been properly transferred to the District Court.

At the April 13, 1971 Session of Wake County Superior Court, Judge Clark appointed a receiver to take over the assets of Glenn I. Hodge, including all rental income in excess of an exemption of $500.00 per month from entirety property held by defendants and apply such income to the satisfaction of the judgment against Glenn I. Hodge.

From the order appointing the receiver, the defendant, Glenn I. Hodge, appealed.

*Yarborough, Blanchard, Tucker & Denson by Alexander B. Denson for plaintiff appellee.*

*William T. McCuiston for defendant appellants.*

CAMPBELL, Judge.

The sole question raised by this appeal is whether it was error to appoint a receiver for rental income from realty held as tenants by the entirety and apply the excess thereof, above the personal property exemption, to satisfy a judgment against the husband. The realty itself was not placed in the hands of the receiver but only the rental income therefrom.

The appellant contends that the rents from entirety property are not subject to such a receivership. This contention is not sound. Property held by the entirety is not subject to execution to satisfy judgments against one spouse. *Hood v. Mercer,* 150 N.C. 699, 64 S.E. 897 (1909) ; *Johnson v. Leavitt,* 188 N.C.

682, 125 S.E. 490 (1924). However, *proceeds* of entirety property are the property of the husband as against the wife and such proceeds may be applied against debts of the husband alone. *Lewis v. Pate*, 212 N.C. 253, 193 S.E. 20 (1937). The income from rental property held by the entirety is not protected from attachment to satisfy the debts of the husband merely because it is derived from entirety property. The procedure followed in the instant case is provided for in G.S. 1-352 through G.S. 1-368.

The appellant relies on the case of *Finance Co. v. Putnam*, 229 N.C. 555, 50 S.E. 2d 670 (1948). This case is clearly distinguishable.

There was no error in the appointment of the receiver in the instant case.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.