L. E. JOHNSON PRODUCE v. JAMES MASSENGILL

No. 7411SC569

(Filed 16 October 1974)

1. **Execution §§ 1, 16; Husband and Wife § 15— judgment against husband — execution — rents and profits**

   While property held by the entirety is not subject to execution to satisfy judgments against one spouse, proceeds of entirety property are the property of the husband as against the wife and may be applied against debts of the husband alone; however, the judgment creditor is not entitled to have a receiver appointed to take possession of the land itself in order to rent the property and apply the rentals to the payment of the judgment.

2. **Execution §§ 1, 16— judgment against husband — execution unsatisfied — entirety property — receiver — collection of profits — no authority to rent**

   Where judgment was obtained against the husband, execution was returned unsatisfied and a receiver was appointed "to rent and collect the rents and profits from the tobacco allotment" on land held by the entirety, the portion of the order permitting the receiver "to rent" the property must be stricken.

DEFENDANT appeals from *Hobgood, Judge,* 14 January 1974 Civil Session of JOHNSTON County Superior Court.

Plaintiff obtained a judgment against defendant at the 15 January 1971 Civil Session of Johnston County Superior Court, and in *Johnson v. Massengill,* 280 N.C. 376, 186 S.E. 2d 168 (1972) the court found no error in the trial. On two occasions plaintiff caused execution to issue on the judgment, and each time execution was returned unsatisfied. Defendant now appeals from a decree of Judge Hobgood ordering the appointment of a receiver "to rent and collect the rents and profits from the tobacco allotment on said lands."

*L. Austin Stevens, for plaintiff appellee.*

*Mast, Tew & Nall, by George B. Mast and Joseph T. Nall, for defendant appellant.*

MARTIN, Judge.

[1, 2]  Defendant argues the trial court erred in appointing a receiver *to rent* the property involved in that said property is

owned as tenants by the entirety. That portion of the trial court's order in question reads:

> "That the plaintiff is entitled to the appointment of a receiver to collect the rents and profits from the lands owned by the defendant and his wife, as tenants by the entirety, and R. E. Batton is hereby appointed a receiver of this Court to rent and collect the rents and profits from the tobacco allotment on said lands . . . . "

"Property held by the entirety is not subject to execution to satisfy judgments against one spouse. (Citations.) However, *proceeds* of entirety property are the property of the husband as against the wife and such proceeds may be applied against debts of the husband alone. *Lewis v. Pate,* 212 N. C. 253, 193 S.E. 20 (1937)." *Hodge v. Hodge,* 12 N.C. App. 574, 575-576, 183 S.E. 2d 800 (1971). Justice Sharp, concurring in *Gas Co. v. Leggett,* 273 N.C. 547, 554, 161 S.E. 2d 23 (1968), points out:

> "The judgment creditor, however, is not entitled to have a receiver appointed to take possession of the land itself in order to rent the property and apply the rentals to the payment of the judgment. *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E. 2d 675; 2 Lee, N. C. Family Law § 116 (3d ed. 1963)."

Since the trial court's order may be interpreted to permit the receiver to rent the property in question, we hereby delete the words "rent and" from that portion of the order set out above and affirm the order as modified.

Modified and affirmed.

Chief Judge BROCK and Judge PARKER concur.