EARL F. BRANSTETTER v. MAJORIE F. BRANSTETTER

No. 7728DC616

(Filed 6 June 1978)

1. **Husband and Wife § 17.1— separation—tenancy by entireties not affected—accounting for improvements unnecessary**

     Defendant was not entitled to an accounting for improvements she made to property, owned by the parties as tenants by the entirety, after execution of a separation agreement which granted defendant the exclusive right of occupancy, since the separation agreement did not contractually alter the character of the ownership of the tenancy by the entireties.

2. **Husband and Wife § 17.1— tenancy by entireties—divorce—basis for apportioning shares of property**

     Where the parties owned property as tenants by the entirety and no tenancy in common was created until after their absolute divorce, there was no basis for apportioning the shares of the property based on expenditures made prior to the termination of the tenancy by the entirety.

3. **Trusts § 13— improvements made to entirety property—doctrine of purchase money resulting trusts inapplicable**

Defendant's contention that the doctrine of purchase money resulting trusts would allow her to recover for improvements made by her on property owned by the parties as tenants by the entirety is without merit since the improvements in question were made several years after the conveyance of the property, and the doctrine of purchase money resulting trusts was therefore inapplicable.

APPEAL by defendant from *Sluder, Judge.* Judgment entered 24 May 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 26 April 1978.

Plaintiff filed this action for divorce on 17 March 1976. Defendant answered, admitting the allegations of plaintiff's complaint, and joined in the request for divorce. She also filed a counterclaim alleging that the parties owned certain property as tenants by entirety; and that while occupying the property under a separation agreement, she had made improvements and repairs for which she was entitled to an accounting. Plaintiff filed a reply to the counterclaim denying that defendant was entitled to an accounting and stating that he was entitled to an accounting for a reasonable amount of certain rental income collected by defendant.

On 14 September 1976, plaintiff moved for summary judgment with respect to defendant's counterclaim on the grounds that the parties had executed a deed of separation which defendant acknowledged in her answer and which constituted a termination of any rights she might have had arising out of the marriage.

Defendant responded to the summary judgment motion with an affidavit which paralleled and elaborated upon her prior pleadings. She averred that a certain parcel of land was given to her and plaintiff by her mother in 1962; that she provided the funds to construct a house on the property and plaintiff provided most of the labor; that in 1970, she and plaintiff executed a separation agreement which gave her the sole right to occupy the house and terminated all of plaintiff's rights arising out of the marriage relation; that following the separation, she made substantial improvements to the house which gave the property a market value which it did not have prior to the improvements; that she has paid all taxes on the house since 1962; and that in

1962 another parcel of property for which she provided the purchase price and intended to hold as sole owner was also deeded to her and plaintiff.

The court granted plaintiff's motion for summary judgment, ruling that the land was owned by the parties as tenants by the entirety and that there was no genuine issue arising for trial. The court dismissed defendant's counterclaim and she appealed.

*Lentz & Ball, by Lloyd M. Sigman, for defendant appellant.*

*Riddle and Shackelford, by Robert E. Riddle, for plaintiff appellee.*

BRITT, Judge.

Defendant contends that she is entitled to an accounting for improvements she made to the property after execution of the separation agreement which granted her the exclusive right of occupancy. She argues that the separation agreement was a contract which altered the interest in the property that she and plaintiff owned as tenants by the entirety; that she had a legal right to present her claim for an accounting in the form of a counterclaim to the divorce action; and that even if the contract did not alter the character of the tenancy by the entireties property, she was entitled to an accounting under the doctrine of resulting trusts. We find no merit in defendant's contentions.

[1]   With respect to the contract argument, defendant states that the separation agreement contractually altered the character of the ownership of the tenancy by the entireties and that such an alteration was permissible under G.S. 39-13.3(c) and *Council v. Pitt*, 272 N.C. 222, 158 S.E. 2d 34 (1967). G.S. 39-13.3(c) and the *Council* case both involve conveyances by deed between spouses rather than separation agreement contracts, therefore, they are inapplicable to the instant case. As stated in J. Webster, Real Estate Law in North Carolina, § 116, p. 136 (1971), a tenancy by the entirety may only be terminated in certain situations:

> The tenancy by the entirety may be terminated by a *voluntary partition* between the husband and the wife whereby they execute a joint instrument conveying the land

to themselves as tenants in common or in severalty. But neither party is entitled to a *compulsory partition* to sever the tenancy.

A divorce *a vinculo*, an absolute divorce which destroys the unity of husband and wife that is essential to the existence of the tenancy, will convert an estate by the entirety into a tenancy in common. The divorced spouses become equal co-tenants.

A divorce *a mensa et thoro*, on the other hand, a divorce from bed and board which does not dissolve the marriage relation, does not sever the "unity of persons," and does not terminate or change the tenancy by the entirety in any way. In this connection, it should be observed that an estate by the entirety is not terminated or dissolved by the acts of the parties which constitute mere grounds for an absolute divorce; there must be a final decree of absolute divorce for this effect to occur.

The separation agreement provides that ". . . nothing in this Agreement shall affect the rights, title or interest that the respective parties have in and to all of the real estate held as an estate by the entireties." This statement clearly indicates that neither party intended to alter by contract the manner in which they held title to the property, but that they should hold the real estate as tenants by the entirety until an absolute divorce terminated the tenancy.

Since the property was held by the parties as tenants by the entirety, they are entitled to an equal division of the property upon termination of the estate by absolute divorce and neither party is entitled to an accounting for expenditures made on the property while the tenancy by the entirety existed.

In the case of *Wall v. Wall*, 24 N.C. App. 725, 212 S.E. 2d 238, *cert. denied* 287 N.C. 264, 214 S.E. 2d 437 (1975), the plaintiff and defendant were divorced at which time property which they had held as tenants by the entirety was converted to a tenancy in common by the divorce. Prior to that date, the defendant had paid the mortgage payments on the property and when the plaintiff filed for a partition of the property following the divorce, the defendant counterclaimed for the mortgage payments that she

had made on the property prior to the divorce. Plaintiff made a motion for summary judgment which was granted. On appeal, the lower court ruling that " '[a]s a matter of law, neither the plaintiff nor the defendant owning property as a tenancy by the entirety prior to their divorce are (sic) entitled to any reimbursement for payments on the mortgage or for other benefits to the property during their marriage' " was upheld. The court stated:

> The general rule is that upon divorce the two former spouses become equal cotenants even though one of the former spouses paid the entire purchase price. Each spouse is entitled to an undivided one-half interest in the property and is entitled to partition the property. However, expenditures for the property after the final decree of absolute divorce are treated as they normally would be in a tenancy in common. 2 Lee, North Carolina Family Law § 120 (1963); 4A Powell, Law of Real Property § 624 (1974); 27A C.J.S. Divorce § 180 (1959).

> In the present case, defendant's counterclaim for reimbursement includes sums allegedly paid by her on the indebtedness while she and the plaintiff owned the property as tenants by the entirety and while they owned the property as tenants in common. The stipulation between the parties supports the decree that the defendant must be given credit for all sums paid by her on the indebtedness after the judgment of absolute divorce. An estate by the entirety is a form of co-ownership of real property by a husband and wife in which each is deemed to be seized of the entire estate, with neither spouse having a separate or undivided interest therein. *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); 2 Lee, North Carolina Family Law § 112 (1963). Thus, because of the nature of the estate by the entirety, we are of the opinion that the trial court correctly concluded that the defendant was not entitled to be reimbursed for sums paid on the indebtedness encumbering such an estate during her marriage to the plaintiff.

Applying this reasoning to the instant case, we conclude that summary judgment for plaintiff was properly granted and defendant was not entitled to reimbursement for the improvements which she made to the property while the parties owned the property as tenants by the entirety.

[2]  We find no merit in defendant's second argument, namely, that the court may have refused to apportion shares of the property because it felt that it had to wait until the tenancy in common was officially created by the absolute divorce. Based on the cases and the principles cited above, it is clear that no tenancy in common was created until after the absolute divorce, therefore, there was no basis for apportioning the shares of the property based on expenditures made prior to the termination of the tenancy by the entirety. Since there was not an actual conveyance between the parties, and the separation agreement clearly states that the tenancy by the entirety property was not to be affected by the contract, the *Wall* rule governing the division of tenancy by the entirety property governs rather than the rules governing reimbursements on tenancy in common property.

[3]  Finally, defendant argues that even if the separation agreement contract did not operate to change the tenancy by the entirety into a tenancy in common and create a right in defendant to recover for improvements on the property, the doctrine of purchase money resulting trusts would allow a recovery for such improvements. We find no merit in this contention.

"[I]f the wife furnishes the purchase price, the law makes no presumption that a tenancy by the entirety was created, but instead presumes that the wife intended to place title in the husband and herself on a resulting trust for the wife." J. Webster, Real Estate Law in North Carolina, § 162, p. 112 (1971). "The trust must result, if at all, at the time of the transmission of the legal estate and as part of the same transaction. The trust claimant must either pay or obligate himself to pay the purchase price before the execution of the deed and its delivery to the grantee." R. Lee, North Carolina Law of Trust § 2b, p. 13 (6th Ed. 1977).

In this case, the improvements to the property were made several years after the conveyance of the property, therefore, the doctrine of purchase money resulting trusts is inapplicable.

For the reasons stated, we conclude that the trial court correctly allowed the plaintiff's motion for summary judgment.

Affirmed.

Judges CLARK and ERWIN concur.