MARIE L. SHUTT, Individually and as Executrix of the Estate of JEAN SHUTT BUTNER v. JERRY L. BUTNER

No. 8221DC599

(Filed 21 June 1983)

1. **Parent and Child § 7.1— separation agreement and consent judgment—child support—continuance after death of parent with custody**

   Where a separation agreement and consent judgment required defendant husband to pay child support to the wife, the wife died, and custody of the child was granted to its grandmother, the trial court could properly require defendant to continue the child support payments to the grandmother without making new findings as to the needs of the child and the ability of defendant to pay.

2. **Husband and Wife § 11.1— separation agreement—sale of entirety property—effect of wife's death**

   Where a separation agreement and consent judgment gave the wife child custody and provided that the wife should have possession of the home held by the parties as tenants by the entirety during the minority of their child or until the child was otherwise emancipated, at which time the home would be sold and the proceeds divided equally between the parties, the wife thereafter died while the child was unemancipated, and the child went to live with his grandmother, it was *held* that the husband's obligations with respect to the sale of the home were not terminated by the wife's death, the reason for delaying the sale ended when the child began living with his grandmother, and the wife's executrix could properly move that the property be sold.

APPEALS by plaintiff and defendant from *Alexander, Judge.* Orders entered 8 February 1982 and 20 April 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 20 April 1983.

On June 24, 1981, after twenty-one years of marriage, the late Jean Shutt Butner, alleging various misdeeds and offenses, sued the defendant for alimony and support for their one minor child, then 16 years old. Three and a half weeks later the parties settled the case by entering into a separation agreement, the terms of which were incorporated into a consent judgment. Among other things, the contract and judgment absolved each from the claims of the other, awarded custody of the child to the wife, required the husband to support the child until emancipated, divided their personal property, gave the wife possession of their entirety held house and lot until the child's death or emancipation, with the requirement that it be sold at that time and the

proceeds divided equally between them, and gave each the right to acquire and dispose of property as though unmarried. Four months later, a year and a half before the son's 18th birthday, the wife died.

Within a short while after Mrs. Butner's death, several new pleadings seeking relief of different kinds were filed in the case. The decedent's mother, individually, and as Executrix of the estate, after being substituted as party plaintiff with the Court's leave, moved that she be given official custody of the minor son, who had elected to live with her after his mother's death, and that the support payments required of the defendant be made to her. The defendant moved that the judgment be revised to permit him to occupy the house, which was then vacant. The plaintiff then countermoved, asking that the house be sold and the proceeds divided as provided in the agreement and consent judgment, and alleged that she was entitled to the decedent's share as devisee under the decedent's will. In response defendant requested that plaintiff's countermotion be dismissed for the reason that it was in effect an action for the partition of real estate and therefore subject to the original jurisdiction of the Clerk of Court. Finally, the defendant responded to plaintiff's motion for custody and support and without alleging any facts at all—the plaintiff's allegations being either admitted or denied—asked that custody of the boy be given to him.

By order entered 8 February 1982, after finding that defendant and his deceased wife had owned their house as tenants by the entirety and that they were still married at the time of her death, the judge denied plaintiff's countermotion for sale of the property, ruling that defendant was the sole owner of the house and lot by operation of law and that plaintiff had no right to have the property sold.

By order entered 20 April 1982, custody of the minor son was awarded to the plaintiff and defendant's obligation to make support payments of $35 per week was continued. Both parties appealed.

*Pettyjohn & Molitoris, by Theodore M. Molitoris, for plaintiff appellant and appellee.*

*Robert K. Leonard and David L. Spence, for defendant appellee and appellant.*

Shutt v. Butner

PHILLIPS, Judge.

[1]   Though the custody and support order appealed from by the defendant can have no future effect, since the minor child's eighteenth birthday has now passed, the rights and duties of the parties until then still require adjudication. Before the substitute plaintiff entered the picture, defendant was required to pay $35 a week for the child's support to the child's mother. Since the child lived with the plaintiff after his mother died, the order continuing the support payments and permitting the plaintiff to receive them was clearly justified. Defendant's contention that the judge's findings of need and ability to pay were insufficient is without merit. The needs of the child and the defendant's ability to pay had been established by the Court and agreed to by the defendant just a few months earlier and the judgment with respect thereto was still in effect. Under the circumstances new findings of need and ability to pay were not required. If the child no longer needed the payments or if the defendant was no longer able to make them, it was up to the defendant to establish that this change of condition had occurred; but this apparently was not even attempted. Nevertheless, ample findings as to both the child's need and defendant's ability to pay were made, and the order appealed from is hereby affirmed.

[2]   The trial court erred, however, in denying the plaintiff's motion for the sale of the marital homeplace. Though the defendant did become the *record* fee simple owner of the entirety held realty by operation of law upon the death of his wife, as the court concluded, he became so subject to his promise and agreement as follows:

> (8) It is agreed that the wife shall have complete possession of the homeplace of the parties until the minor child TIMOTHY EUGENE BUTNER attains the age of 18 years or until the child respectively dies, marries, or is otherwise emancipated, at which time the homeplace of the parties will be sold and the proceeds will be divided equally among the parties. It is further agreed that the wife shall make monthly payments on the homeplace . . . and that the husband shall reimburse to the wife the amount by which her monthly mortgage payments have reduced the principal on the mortgage.

This agreement to sell their property and divide the proceeds between them, solemnly and deliberately made twice, was therefore doubly binding—first as an ordinary separation and settlement agreement, *Lane v. Scarborough,* 284 N.C. 407, 200 S.E. 2d 622 (1973), and second as a consent judgment in compromise and settlement of matters that were then being disputed in this litigation. *Price v. Horn,* 30 N.C. App. 10, 226 S.E. 2d 165 (1976).

Unlike the agreements involved in those cases, however, the agreement here requires little or no construction, only enforcement. The parties' obligation to sell the property and divide the proceeds was explicit and without ambiguity; nor was it contingent upon either party being alive when the time to sell came or anything else. The agreement to sell and divide was absolute and unequivocal; only the time was uncertain and that was clearly ascertainable from the terms used—no later than the boy's eighteenth birthday, then less than two years away, and sooner than that if the boy married, was otherwise emancipated, died, or stopped living there. Though the latter eventuality was not expressly provided for in the agreement as the others were, it is impliable from the obvious fact that the parties delayed the sale as they did only so that the boy could dwell there rent-free until his legally dependent status ended. Therefore, upon him ceasing to live there after his mother died, the reason for delaying the sale vanished, and the parties were obligated to go ahead with the sale if either so requested. That this is so, however, need not be demonstrated or even relied upon, since the son's eighteenth birthday has passed, and the property must be sold now in any event.

Nor were the defendant's obligations under the contract terminated by the death of the other contracting party. Few contracts are terminated by death in the absence of explicit provisions therein to the contrary. This is because all know that unexpected and untimely death is a constant possibility and are deemed to make their contracts in light thereof, and also because most contracts can be satisfactorily performed by personal representatives. 17A C.J.S., *Contracts* § 465. The general rule is that "contracts bind the executor or administrator, though not named therein, and that death does not absolve a man from his engagements." *Burch v. Bush,* 181 N.C. 125, 127, 106 S.E. 489, 490 (1921). But in this instance it is unnecessary to resort to the

Shutt v. Butner

general rule, because the parties themselves, leaving nothing to chance or the law's operation, had their agreement to provide that:

> . . . this Judgment shall be enforceable against the parties, their personal representatives, heirs and assigns.

Having so contracted, the defendant is bound thereby.

It is true, of course, for obvious reasons, that contracts of a personal nature or that require special talent—to marry, to draw a picture, write a book, perform on the stage, be one's companion, etc.—do come to an end upon the death of a party, unless the parties agree otherwise. *Burch v. Bush, supra.* But selling a house and lot and dividing the proceeds does not depend upon talent or personality and the defendant's obligation with respect thereto still abides.

In enforcing the agreement upon remand, a partition proceeding before the Clerk will neither be necessary, nor appropriate. All that is needed is for the property to be sold and the proceeds divided equally, under the court's direction, with the plaintiff executrix being reimbursed by the defendant for any reduction that her decedent made in the mortgage debt. How the sale is conducted or by whom is for the court to determine, subject to the best interests of the parties and the laws governing such matters. We point out, however, that, since neither the terms nor validity of the will that plaintiff claims under are involved in this appeal, the right of the plaintiff or anybody else to receive the sale proceeds that the decedent was entitled to has not been determined by us, and that before the proceeds are divided an adjudication with respect thereto will have to be made.

In the plaintiff's appeal, the order is

Reversed and remanded.

In the defendant's appeal, the order is

Affirmed.

Judges HILL and JOHNSON concur.