MYRTLE A. RILEY v. CALVIN C. RILEY, JR. AND WIFE, JUDITH S. RILEY; PEGGY R. MATTHEWS AND HUSBAND, JAMES L. MATTHEWS; DELORES R. PROPST; BILLIE KAY RILEY; AND CALVIN C. RILEY, JR., ADMINISTRATOR OF THE ESTATE OF CALVIN C. RILEY, SR.

No. 879SC99

(Filed 18 August 1987)

**Husband and Wife § 11.1— separation agreement—death of husband—provisions as to disposition of marital home enforceable**

> The agreement of a separated husband and wife to buy or sell each other's equity in their marital home which they owned as tenants by the entirety was enforceable in spite of the death of the husband before divorce, and the trial court erred in granting plaintiff's motion for summary judgment in her action to have herself declared to be the fee simple owner of the property after the husband's death.

APPEAL by defendants from *Johnson, E. Lynn, Judge*. Judgment entered 3 December 1986 in Superior Court, VANCE County. Heard in the Court of Appeals 10 June 1987.

*Stainback & Satterwhite, by Paul J. Stainback, for plaintiff appellee.*

*Watkins, Finch & Hopper, by William L. Hopper, for defendant appellants.*

PHILLIPS, Judge.

This appeal concerns the agreement of a separated husband and wife to buy or sell each other's equity in their marital home, which they owned as tenants by the entirety; an agreement that was soon followed by the death of the husband and the filing of this action by the wife to have herself declared to be the fee simple owner of the property involved. Defendants—the children of the decedent and the administrator of his estate—alleged in their answer and counterclaim that plaintiff's rights in the property are governed by the terms of the agreement referred to and that under those terms she must either buy Calvin Riley's equity in the property for $15,000, or sell her equity to them for that amount, or have the property sold and the proceeds divided. Both parties moved for summary judgment and the court granted plaintiff's motion and denied defendants'. In our opinion the court's action in both respects was erroneous and we vacate the judgment entered and remand for the entry of an order of summary judgment for the defendants. The pertinent facts follow:

Plaintiff had been married to Calvin C. Riley, Sr. for more than twenty years when they separated on 2 April 1984. Nearly two years later, on 20 March 1986, they executed a Separation Agreement and Property Settlement in which it was recited, *inter alia*, that: They had already divided the personal property acquired by them during the marriage; each renounced his or her right to inherit or share in the property of the other; the agreement was "in conformity with the provisions of N.C.G.S. 50-20, otherwise known as the Marital Equitable Distribution Act," and provided for "a just and equitable division of any and all property" that the parties then held or had acquired during their marriage; the agreement would "survive any decree of divorce" thereafter entered and the terms and conditions would be enforceable "in any lawful manner prescribed by the laws of the State of North Carolina." With respect to the entireties held house and lot the agreement made the following specific provisions: It provided that plaintiff could purchase Calvin Riley's

equity in the property for $15,000 "within one year of the date of the entry of an order of divorce"; that if she did not exercise her right of purchase within that time Calvin Riley could purchase her equity for the same amount within ninety days after "the termination of the one year period as is hereinabove set forth"; and that if neither bought the equity of the other the property would be listed for sale with a licensed real estate broker and upon it being sold the net proceeds would be equally divided. The day after the agreement was executed plaintiff filed for divorce, but the action was discontinued after Calvin Riley died ten days later.

Under our law separation and property settlement agreements are as binding and enforceable as other contracts. 2 Lee, North Carolina Family Law, Sec. 198 (4th ed. 1980); *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973); *Riddle v. Riddle*, 32 N.C. App. 83, 230 S.E. 2d 809 (1977). And under the express terms of the agreement involved the spouses agreed to divide into two equal shares the property and equity that they had previously held together as one marital unit and they agreed on a plan to liquidate the interest of one or both spouses. Neither the agreement to divide the interest nor the commitment to buy or sell the divided interest was contingent upon the entry of a divorce decree, as plaintiff argues, or the continued life of the parties. The finality of the terms agreed to is unmistakable; the entirety held property interest was divided into two equal, individually owned shares and the buy-sell conditions were such that they could be complied with by either the parties or their personal representatives. The absence of a divorce decree did not undo the division of the property interest that had already been made or cancel the buy-sell agreement. The provision in the agreement concerning the entry of a divorce decree related only to the time that plaintiff's option, limited to a period of one year, began to run. Nor was the agreement nullified by the death of one of the parties; unexpected and untimely death is a constant possibility and in the absence of indications to the contrary the law assumes that parties make their contracts in light thereof. *Shutt v. Butner*, 62 N.C. App. 701, 303 S.E. 2d 399, *disc. rev. denied*, 309 N.C. 462, 307 S.E. 2d 367 (1983); *see also, Lane v. Scarborough, supra*; 17A C.J.S. *Contracts* Sec. 465 (1963).

Vacated and remanded.

Chief Judge HEDRICK and Judge ORR concur.