DEALER SUPPLY COMPANY v. RONALD E. GREENE, GEORGE LAWRENCE GREENE, CHRISTINE G. GREENE AND PATRICIA WORLEY GREENE

No. 9122SC1085

(Filed 3 November 1992)

**Fraudulent Conveyances § 33 (NCI4th)— property given to husband in separation agreement—entirety nature unchanged— conveyance not in defraud of creditors**

There was no fraudulent conveyance of realty where the property in question was acquired by defendant and his wife and titled to them as tenants by the entirety; defendant and his wife executed a separation agreement on 12 August 1987 whereby defendant received the house and the wife received a lump sum payment; defendant conveyed the house to his parents on 12 August 1987; plaintiff brought suit against defendant while he was still married to collect a business debt; that action was terminated by consent judgment on 26 April 1988; defendant and his wife were divorced on 2 November

1988, over eight months following conveyance of the marital property to defendant's parents; the separation agreement did not terminate or change the tenancy by entirety in any way; and the property therefore remained entirety property at the time of the conveyance and could not be the subject of a conveyance in defraud of defendant's individual creditors.

**Am Jur 2d, Fraudulent Conveyances § 50.**

Judge WELLS concurring.

APPEAL by defendants from *Helms (William H.), Judge.* Judgment entered 26 August 1991 in Superior Court, IREDELL County. Heard in the Court of Appeals 19 October 1992.

Plaintiff instituted this civil action by filing a complaint wherein it alleged a fraudulent conveyance of realty by defendant Ronald E. Greene. The real property at issue was the marital home of Ronald Greene and his previous spouse Vicki O. Greene, who is not a party to this action. Ronald and Vicki Greene were married on 18 August 1961 and divorced on 2 November 1987. The realty which is the subject of this litigation was acquired during the marriage of Ronald and Vicki Greene and titled to them as tenants by the entirety.

On 12 August 1987, Ronald and Vicki Greene executed a separation agreement which included a division of their marital property. According to the terms of the agreement, Vicki Greene was to receive a lump sum payment of $55,640 within five (5) days of the execution of the agreement and Ronald Greene was to receive the remainder of the marital property which included the marital residence, also within five (5) days of the signing of the agreement. In order to generate funds with which to pay the lump sum to Vicki Greene, the mortgage which encumbered the marital residence was refinanced. Following this refinancing, the marital home was encumbered in the amount of $142,400. The record on appeal indicates that, immediately prior to the execution of the separation agreement, the marital home had been valued by an appraiser at $179,000.

Immediately following the signing of the separation agreement, Vicki Greene received the payment of $55,640 from Ronald Greene and the two thereafter signed and delivered a deed of the marital residence, subject to all then existing encumbrances, to defendants

**DEALER SUPPLY CO. v. GREENE**

[108 N.C. App. 31 (1992)]

George Lawrence Greene and Christine G. Greene, the parents of Ronald Greene. All defendants admit that this transfer of real property was without consideration, was for the purpose of preventing the marital residence from being subject to the claims of Ronald Greene's individual creditors and that the transfer left Ronald Greene without property fully sufficient and available to pay his then existing creditors.

During the marriage of Ronald and Vicki Greene, plaintiff Dealer Supply Company instituted a suit against Ronald Greene individually seeking to collect a business debt. The consent judgment which terminated that action was entered on 26 April 1988, over six (6) months following the divorce of Vicki and Ronald Greene and over eight (8) months after the conveyance of the marital home to Ronald Greene's parents on 12 August 1987. The consent judgment established that Ronald Greene was indebted to plaintiff in the amount of $100,000. Defendant Ronald Greene admitted during discovery that he was in fact indebted to plaintiff at the time of the transfer of the marital home.

Following the divorce of Ronald and Vicki Greene, Ronald Greene married defendant Patricia Worley Greene. On 22 August 1990, George Lawrence Greene and Christine G. Greene deeded the real property to defendant Patricia Greene. Defendants admit that this transfer was also without consideration and was made with the intent that the equity from the eventual planned sale of the property could be used to purchase another marital home for Ronald and Patricia Greene. When defendants Ronald and Patricia Greene attempted to sell the property to a third party purchaser, plaintiff instituted this present proceeding and filed notice of *lis pendens* against the property. The sale to the third party was completed by agreement of these parties and the net proceeds of that sale which totaled $112,216.90 were deposited with the Sheriff of Iredell County pursuant to a consent order of attachment.

Subsequent to discovery, plaintiff and defendants each filed motions for summary judgment with the trial court, both claiming entitlement to the proceeds of the sale as a matter of law. Judge Helms granted summary judgment in favor of plaintiff and ordered that the Sheriff of Iredell County disburse all funds held pursuant to the order of attachment to plaintiff. All defendants appeal the entry of the summary judgment.

DEALER SUPPLY CO. v. GREENE

[108 N.C. App. 31 (1992)]

*Caudle & Spears, P.A., by Thad A. Throneburg, and Lloyd C. Caudle,* for plaintiff, appellee.

*Marvin Schiller and Michael S. Shulimson* for defendants, appellants.

HEDRICK, Chief Judge.

Defendants argue that the trial court erred in granting plaintiff's motion for summary judgment and in failing to grant their motion for summary judgment due to the fact that the real property at issue herein was held by Ronald and Vicki Greene as tenants by the entirety at the time of the transfer which plaintiff claims was fraudulent. They argue that any proceeds of that transfer were therefore protected from the claims of Ronald Greene's individual creditors. Plaintiff, however, contends that the separation agreement executed by Ronald and Vicki Greene destroyed the tenancy by the entirety and vested a property interest in Ronald Greene against which plaintiff is entitled to levy.

In North Carolina, it is well established that an individual creditor of either a husband or a wife has no right to levy upon property held by the couple as tenants by the entirety. *Gas Co. v. Leggett,* 273 N.C. 547, 161 S.E.2d 23 (1968); *Hodge v. Hodge,* 12 N.C. App. 574, 183 S.E.2d 800, *cert. denied,* 279 N.C. 726, 184 S.E.2d 884 (1971). It follows therefore that a "[h]usband and wife [can] by joint voluntary conveyance transfer the [entirety held] property to anyone of their choice, free of lien or claim of [one spouse's] individual creditors." *Gas Co. v. Leggett,* 273 N.C. at 553, 161 S.E.2d at 28. Further, as a debtor can only commit a fraudulent conveyance by disposing of property to which a creditor has a legal right to take in satisfaction of his claim, *id.* at 555, 161 S.E.2d at 29, a husband's conveyance of his interest in entirety held property cannot come within the prohibition against fraudulent conveyances. *Id.* at 553, 161 S.E.2d at 28.

The creditor of an individual spouse can, however, levy upon the interest of that individual spouse which exists following the dissolution of the entirety estate. *Union Grove Milling and Manufacturing Co. v. Faw,* 103 N.C. App. 166, 404 S.E.2d 508 (1991); *Branch Banking and Trust Co. v. Wright,* 74 N.C. App. 550, 328 S.E.2d 840 (1985). This Court has stated that a tenancy by the entirety can be terminated or destroyed only in certain circumstances:

DEALER SUPPLY CO. v. GREENE

[108 N.C. App. 31 (1992)]

The tenancy by the entirety may be terminated by a *voluntary partition* between the husband and the wife whereby they execute a joint instrument conveying the land to themselves as tenants in common or in severalty. But neither party is entitled to a *compulsory partition* to sever the tenancy.

A divorce *a vinculo,* an absolute divorce which destroys the unity of husband and wife that is essential to the existence of the tenancy, will convert an estate by the entirety into a tenancy in common. The divorce spouses become equal co-tenants.

A divorce *a mensa et thoro,* on the other hand, a divorce from bed and board which does not dissolve the marriage relation, does not sever the "unity of persons," and does not terminate or change the tenancy by the entirety in any way. In this connection, it should be observed that an estate by the entirety is not terminated or dissolved by the acts of the parties which constitute mere grounds for an absolute divorce; there must be a final decree of absolute divorce for this effect to occur.

*Bransetter v. Bransetter,* 36 N.C. App. 532, 534-35, 245 S.E.2d 87, 89-90 (1978), quoting J. Webster, Real Estate Law in North Carolina, § 116, p. 136 (1971).

Ronald and Vicki Greene were not divorced until 2 November 1987, over eight (8) months following the conveyance of the marital property to Ronald Greene's parents. We hold that the property therefore remained entirety property at the time of the conveyance and could not be the subject of a conveyance in defraud of Ronald Greene's individual creditors. The trial court erred in ordering that plaintiff was entitled to receive the proceeds of the sale of this property. As the initial conveyance to George and Christine Greene was a valid conveyance, defendant Patricia Greene is entitled to the full proceeds of any subsequent sale.

Plaintiff argues that the decision by this Court in *Riley v. Riley,* 86 N.C. App. 636, 359 S.E.2d 252 (1987), requires that we hold that the separation agreement executed by Ronald and Vicki Greene dissolved the tenancy by the entirety prior to the conveyance of the property to Ronald Greene's parents. We find, however, that *Riley* is not controlling in this case. In *Riley,* this Court simply held that the estate of a deceased husband was enti-

tled to enforce the terms of the separation agreement against the surviving spouse despite the fact that the husband had died prior to the entry of an absolute divorce between the parties.

Even assuming *arguendo* that *Riley* can be read as holding that the language of a separation agreement alone can dissolve a tenancy by the entirety, the language of the separation agreement in the case at hand is far different than that contained in the *Riley* agreement. In *Riley*, the parties agreed that the marital residence "was divided into two, individually owned shares." In the present case, Ronald and Vicki Greene agreed that Ronald Greene would take sole title to all marital property within five days of the execution of the agreement and Vicki Greene would receive a lump sum cash payment. There was no in kind "division" of the entirety property.

The summary judgment in favor of plaintiff is reversed and this cause is remanded to the trial court for entry of summary judgment in favor of defendants.

Reversed and remanded.

Judge ARNOLD concurs.

Judge WELLS concurs in a separate opinion.

Judge WELLS concurring.

I deem it appropriate to emphasize that the separation agreement between Ronald and Vicki Greene did not contain language conveying their estate by the entireties to Ronald separately, and therefore the entireties estate remained intact until the conveyance by deed to Ronald's parents.