**UNITED STATES of America,**
**Plaintiff,**

v.

**Jerry Brian GODWIN, Defendant.**

**No. 5:06–CV–221–D.**

United States District Court,
E.D. North Carolina.
Western Division.

Aug. 29, 2006.

Joshua B. Royster, U.S. Department of Justice, Raleigh, NC, for United States of America, Plaintiff.

Joseph E. Zeszotarski, Jr., Poyner & Spruill, Raleigh, NC, for Mr. Jerry Brian Godwin, Defendant.

### ORDER

DEVER, District Judge.

Pursuant to 28 U.S.C. § 3301 et seq., the United States ("government") filed this fraudulent conveyance action against defendant Jerry Godwin ("defendant"). Defendant is the husband of Deborah Godwin, who was convicted in this court of embezzling money from the bank where

she worked. *United States v. Godwin,* No. 5:00–CR–99–BO (E.D.N.C. June 13, 2001). The judgment concerning Deborah Godwin included a restitution order of $105,705.71. *Id.*

According to the complaint, the Godwins held certain real property as tenants by the entirety and, on April 10, 2001, Deborah Godwin transferred her interest in that property to Jerry Godwin. *See* Compl. ¶¶ 7–10. The government contends that Deborah Godwin still owes $100,465.71 in restitution and that the transfer was fraudulent. *Id.* The government seeks a judgment against Jerry Godwin "in an amount representing the value, at the time of the transfer, of the interest Deborah Lynn Godwin fraudulently conveyed to defendant Jerry Brian Godwin up to the outstanding balance of Deborah Lynn Godwin's criminal judgment debt, with post-judgment interest to accrue at the legal rate." Compl., Prayer for Relief ¶ 1.

Defendant Jerry Godwin has moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons stated below, the defendant's motion to dismiss is denied.

I.

In analyzing a motion to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is sufficient "under the facts alleged and under any facts that could be proved in support of the complaint." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000). A court "assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id.* A court need "not accept the legal conclusions drawn from the facts." *Id.* "Simi-larly, [a court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

Defendant contends that "an individual creditor of one spouse has no right to levy upon property held by the couple as tenants by the entirety, and one spouse can transfer his or her entirety interest to the other spouse free of the claims of any creditors." Def. Mem. in Support of Mot. to Dismiss 3. He bases his argument on North Carolina law and cites *L & M Gas Co. v. Leggett,* 273 N.C. 547, 550–52, 161 S.E.2d 23, 26–28 (1968), and *Dealer Supply Co. v. Greene,* 108 N.C.App. 31, 34, 422 S.E.2d 350, 352 (1992). *Id.* at 3–6.

In response, the government contends that this court should deny the motion to dismiss in light of *United States v. Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), and 28 U.S.C. § 3613(c), "which together hold the restitution order entered against [d]efendant's wife, Deborah Godwin, created the equivalent of a federal tax lien in favor of the United States on all her 'property' and 'rights to property—including her rights to property' held as tenants by the entirety." Gov't Resp. 1. Thus, the government argues that it is entitled to a judgment against Jerry Godwin in the amount of the value of interest in the real property that Deborah Godwin fraudulently conveyed to him. *Id.*

In reply, defendant seeks to distinguish *Craft* and argues that any claim under *Craft* is premature because Jerry Godwin has not sold the subject property to a third party and received proceeds. Def. Reply 2–3. Specifically, Jerry Godwin argues that he must sell the real property and receive proceeds from the sale in order for the government's remedy to become ripe. *Id.*

II.

The defendant's motion initially relies on North Carolina law and alternatively seeks to distinguish *Craft.* Turning

first to the state law argument, defendant correctly states that under North Carolina law a creditor of one spouse cannot levy property held as tenants by the entirety. This argument ignores, however, whether such state law binds the federal government.

Under federal law, the restitution order involving Deborah Godwin "is a lien in favor of the United States ... as if the liability of the person fined were a liability for a tax ...." 18 U.S.C. § 3613(c). Under federal law, the statute creates the equivalent of a federal tax lien. *See id.* The interpretation of the federal tax lien statute, 18 U.S.C. § 6321, is "a federal question." *Craft*, 535 U.S. at 288, 122 S.Ct. 1414. Even though state law may exempt land "held by husband and wife as tenants by the entirety [from] levy under execution on judgment rendered against either [spouse] alone," such exemptions "do[ ] not bind the federal collector." *Id.* (quoting *Drye v. United States,* 528 U.S. 49, 59, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999)). These same principles apply to interpreting 18 U.S.C. § 3613(c). Accordingly, defendant's citation to North Carolina law provides no support for his motion.

As for defendant's attempt to distinguish *Craft*, defendant argues that even if *Craft* entitles the government to a lien in its favor against the subject property, the government is not entitled to the relief sought in this case because he has not yet sold the real property. Def. Reply 2. This court does not read *Craft* or 18 U.S.C. § 3613(c) as requiring the sale of the property in question to take place before the lien attaches. Likewise, nothing in *Craft*, 18 U.S.C. § 3613(c), or 28 U.S.C. § 3306[1] appears to require the sale of the property in question to take place before the government seeks the judgment sought in this case. Notably, neither party cited 28 U.S.C. § 3306(a) or briefed how 28 U.S.C. § 3306(a) impacts the government's proposed remedy. This action is a fraudulent conveyance action under 28 U.S.C. § 3301 et seq., and section 3306 addresses the government's remedies in such actions. In light of the standard that applies to a motion to dismiss, the motion to dismiss is denied.

### III.

For the reasons states above, the defendant's motion to dismiss is DENIED.

---

1. 28 U.S.C. § 3306 states:

(a) In general.—In an action or proceeding under this subchapter for relief against a transfer or obligation, the United States, subject to section 3307 and to applicable principles of equity and in accordance with the Federal Rules of Civil Procedure, may obtain—

(1) avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States;

(2) a remedy under this chapter against the asset transferred or other property of the transferee; or

(3) any other relief the circumstances may require.

(b) Limitation.—A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought—

(1) under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;

(2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or

(3) under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.